UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CLAUDE HAGGARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CV-4 |
| | ) | (VARLAN/SHIRLEY) |
| J.R. MCCARTER, JAY BUNCH, JAYNE BROGDON, SEA RAY DIVISION OF BRUNSWICK CORPORATION, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Claude Haggard ("Plaintiff Haggard") filed this civil action against J.R. McCarter ("Defendant McCarter"), Jay Bunch ("Defendant Bunch"), Jayne Brogdon ("Defendant Brogdon"), and Sea Ray Division of Brunswick Corporation ("Defendant Sea Ray") (hereinafter collectively referred to as the "Defendants") pursuant to the Age Discrimination in Employment Act ("ADEA"), Title VII, the Tennessee Human Rights Act ("THRA"), and state and federal whistleblower acts. [Doc. 1-2.] Plaintiff Haggard seeks damages for these alleged violations federal and state law. The case is before the Court on Defendants' Motion for Summary [Doc. 28]. Defendants contend: 1) Plaintiff Haggard's ADEA claim is barred for a failure to exhaust administrative remedies and for failing to file suit within ninety (90) days of receipt of his "right-to-sue" letter; 2) Plaintiff Haggard's Title VII claims are barred for a failure to file suit within ninety (90) days of receipt of his "right-to-sue" letter; 3) The individual defendants cannot be held liable under Title VII and ADEA;

4) Plaintiff Haggard's THRA sexual harassment claim is time barred; 5) There are no genuine issues of material fact in the state retaliation claim; and 6) Plaintiff Haggard has failed to articulate any basis for state and federal "whistleblower claims." In his response, Plaintiff Haggard contends that there are genuine issues of material fact in this case making motion for summary judgment premature. Defendants reply that Plaintiff failed to respond to the arguments presented in their motion for summary judgment.

The Court has carefully considered the Defendants' motion, the parties' briefs, and supporting materials. [Docs. 28, 29, 34, 35, 36.] For the reasons set forth herein, the Court will grant in part and deny in part Defendants' motion for summary judgment.

**I.    RELEVANT FACTS**

Defendant Sea Ray hired Plaintiff Haggard as an assembler technician on May 30, 2000, and transferred him to the position of maintenance technician on May 12, 2002. [Doc. 29-2 at ¶ 2.] During the relevant period, Plaintiff worked at Sea Ray's Riverview Sea Ray Plant located in Knox County, Tennessee ("Riverview Plant"), and his supervisor was Defendant McCarter. [Doc. 1-2 at ¶ 6.] On February 24, 2004, Plaintiff came to Defendant Brogdon, the Human Resources Manager of the Knoxville Plant, and complained that Defendant McCarter had sexually harassed him by making inappropriate statements and physical contact. [Docs. 29-2 at ¶¶ 4, 10; 29-12 at 2-25.] According to Defendant Brogdon, Plaintiff Haggard alleged that the incidents of harassment occurred between September and October of 2003. [Doc. 29-2 at ¶ 4.] After investigating Plaintiff's complaints, Defendant Brogdon concluded that verbal discipline of Defendant McCarter was sufficient, and sexual

harassment training was conducted for the Maintenance Department on March 5, 2004. [Docs. 29-2 at ¶ 10, 11; 35-3 at 8.]

In April and July of 2004, Plaintiff Haggard was involved in two alleged safety violations at the Riverview Plant. [Docs. 29-2 at ¶ 12; 29-13 at 6-7.] The April 15, 2004 violation involved the Plaintiff Haggard operating a hoist to lift a hull containing another employee, and he received a verbal warning for violating safety procedures. [*Id.* at 6.] He was suspended from August 10, 2004 to August 12, 2004, for failing to perform proper safety inspections on July 29, 2004. [Doc. 29-13 at 7.]

The Tennessee Human Rights Commission sent a letter dated November 15, 2004, to Sea Ray regarding a complaint filed by Plaintiff Haggard under the Tennessee Human Rights Act. [Doc. 29-13 at 9.] In his complaint dated October 27, 2004, Plaintiff Haggard indicated that the basis for his complaint was retaliation/reprisal. He wrote, "When I reported sexual harassment from my supervisor to my HR officer I was then all of sudden started having problems . . . Getting warned and wrote up." [Doc. 29-16 at 10.]

On November 17, 2004, Plaintiff Haggard allegedly failed to take an inoperable hoist out of operation, another safety violation. [Doc. 29-2 at ¶ 12.] Defendant Brogdon avers that she recommended convening the Review Board to terminate Plaintiff for his continued safety violations after meeting with Defendant Bunch, operations manager and manager over the maintenance department about a Review Board meeting. [Doc. 29-2 at ¶ 21.] According to Defendant Brogdon, the Review Board unanimously decided to discharge Plaintiff Haggard for safety violations, and the Plaintiff Haggard's sexual harassment complaint was not

discussed. [*Id.* at ¶¶ 25, 26.] On December 8, 2004, Plaintiff Haggard's termination was finalized. [*Id.* at ¶ 28.]

On June 30, 2005, Plaintiff Haggard received notice of his suit rights from the Equal Employment Opportunity Commission ("EEOC"). [Doc. 29-17 at 2.] On December 7, 2005, Plaintiff filed suit in the Chancery Court for Knox County, Tennessee. [Doc. 1-2.] Defendants removed the civil action to federal court on January 5, 2005.

## II. ANALYSIS

### A. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

4

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### B. ADEA Claim

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In his complaint, Plaintiff Haggard claims that he was "retaliated against by his employer under the [ADEA]" and that his "employer was guilty of federal violations in discrimination against him because of his age." [Doc. 1-2 at ¶ 5.] As grounds for dismissal of the ADEA claim, Defendants contend that Plaintiff Haggard failed to exhaust administrative remedies and failed to file suit within ninety (90) days of receipt of his "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). In his reply, Plaintiff Haggard does not address Defendants' arguments as to the ADEA claim.

5

The ADEA provides that "[n]o civil action may be commenced by an individual under this section until after 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). In the present case, Defendants contend that Plaintiff Haggard's THRC complaint, adopted by the EEOC, only indicates "retaliation/reprisal" as the basis for his complaint, so he did not exhaust his administrative remedies as to that claim. [Doc. 29-16 at 10.] Thus, they argue that dismissal of the ADEA claim is proper.

The Sixth Circuit addressed this issue in *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460 (6th Cir. 1998). In *Davis*, a plaintiff only marked "race" and "other" in her EEOC charge as the motivations for discrimination against her. *Id.* at 463. Nowhere on her form was age indicated as a potential cause of discrimination, nor did any facts in the charge relate or suggest age discrimination. *Id.* The Sixth Circuit noted that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.* However, an age discrimination claim could not be permitted when a plaintiff merely indicated a date of birth and length of employment in the discrimination charge, when no facts were provided that would prompt the EEOC to investigate an age discrimination claim, and when no age discrimination claim in fact grew out of the investigation. *Id.* at 464.

Likewise in the present case, Plaintiff Haggard's THRC complaint provides no indication of age discrimination. He indicated only "retaliation/reprisal" as the basis for his complaint. [Doc. 29-16 at 10.] The facts related in his complaint only describe alleged

6

retaliatory acts by his employer for reporting sexual harassment by Defendant McCarter. [*Id.* at 5-10.] Thus, Plaintiff Haggard did not provide sufficient notice of his age discrimination claim and failed to exhaust his administrative remedies as to his age discrimination claim. Accordingly, the ADEA claim will be dismissed.

Because Plaintiff Haggard cannot maintain his ADEA claim for failure to exhaust administrative remedies, it is unnecessary for the Court to address Defendants' other arguments as to that claim, including dismissal as to the individual defendants.

### C. Title VII Claim

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Title VII also provides that a suit for employment discrimination ordinarily be filed within 90 days of receipt of notice of final EEOC action. 42 U.S.C. § 2000e-5(f)(1). Though "equitable tolling" may apply "if despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 469 (6th Cir. 2003) (citations omitted).

In the present case, the EEOC mailed "notice of suit rights" to Plaintiff Haggard on June 30, 2005. The notice stated, "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this Notice." [Doc. 29-17 at 2 (emphasis in original).] Plaintiff Haggard filed suit

7

on December 7, 2005, approximately five months after the EEOC's notice was mailed. [Doc. 1-2.] Defendants contend that the equitable tolling exception should not apply because Plaintiff Haggard has provided no justification for his failure to satisfy the 90 day deadline. In his response, Plaintiff Haggard does not dispute the untimeliness of the Title VII claim, nor does he explain the delay in filing suit in this case. In light of the approximately five month delay in filing suit and Plaintiff Haggard's failure to respond to Defendants' contentions of untimeliness, the Title VII claim is time barred and will be dismissed. Because the Title VII claim will be dismissed, it is unnecessary to address Defendants' argument regarding the individual defendants in this case.

### D. THRA Sexual Harassment Claim

The THRA provides that "[i]t is a discriminatory practice for an employer to . . . otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin." Tenn. Code Ann. § 4-21-401. The Supreme Court of Tennessee has interpreted this statute as applying to "claims of discrimination based on the existence of a hostile work environment." *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996). In the present case, Plaintiff Haggard claims that Defendant McCarter "created a hostile environment with his constant sexual actions toward [Plaintiff] Haggard." [Doc. 1-2 at ¶ 6.] Defendants contend that this claim should be dismissed because it was not filed "within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann.

§ 4-21-311(d). In his response, Plaintiff Haggard does not address Defendants' statute of limitations argument.

The THRA's statute of limitations provides that a "civil cause of action under this section shall be filed in chancery court or circuit court within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). In the present case, the hostile work environment claim appears to rely on Defendant McCarter's alleged "constant sexual actions toward" Plaintiff Haggard. [Docs. 1-2 at ¶ 6.] After he reported his complaint to Defendant Brogdon on February 24, 2004 and sexual harassment training on March 5, 2004, Plaintiff Haggard acknowledges that he did not think that Defendant McCarter made any remarks to him of a sexual nature. [Doc. 29-12 at 77.] Additionally, Plaintiff Haggard has not alleged nor provided any evidence of sexually harassing acts occurring in the one year period prior to filing suit. Thus, more than a year lapsed between the last alleged harassing conduct and commencement of this suit on December 7, 2005. Accordingly, Plaintiff Haggard's sexual harassment claim is time barred.

### E. THRA Retaliation Claim

The THRA provides that "[i]t is a discriminatory practice for a person or for two (2) or more persons to . . . [r]etaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter." Tenn. Code Ann. § 4-21-301.

To state the prima facie case for retaliation under the THRA, an employee must show: 1) that he engaged in activity protected by the THRA; 2) that the exercise of his protected rights was known to the defendant; 3) that the defendant thereafter took a materially adverse action against the employee; and 4) there was a causal connection between the protected activity and the materially adverse action. *Allen v. McPhee*, No. M2005-00202-SC-R11-CV, 2007 WL 4233321, at * 15 (Tenn. Dec. 4, 2007). If plaintiff establishes the prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the materially adverse action. *Id.* If the defendant articulates a reason, the employee "must present evidence demonstrating that the articulated reason is pretextual and that the defendant's action was actually motivated by a desire to retaliate against the employee." *Id.*

In the present case, Defendants concede that the first three elements of the prima facie case are satisfied. [Doc. 29 at 19.] However, they contend that Plaintiff Haggard has failed to present evidence satisfying the causal connection element. Defendants argue that temporal proximity alone does not satisfy the causal element for the prima facie case. In *Allen*, the Supreme Court of Tennessee adopted the rule that "close temporal proximity of a complaint and a materially adverse action are sufficient to establish a prima facie case of causation." *Allen*, 2007 WL 4233321, at *17. In the present case, a copy of Plaintiff Haggard's Tennessee Human Rights complaint was mailed to Defendant Sea Ray's Human Resources Director on November 15, 2004, and Plaintiff Haggard was terminated a few weeks later on December 8, 2004. [Doc. 29-2 at ¶¶ 13, 28.] In light of the Supreme Court of Tennessee's

10

holding in *Allen*, Plaintiff Haggard has sufficiently satisfied the causation element and the prima facie case through the temporal proximity between the complaint and the termination.

Once the prima facie case is satisfied, the burden shifts to the defendant "to articulate a legitimate, non-discriminatory reason for the materially adverse action." *Allen*, 2007 WL 4233321, at *15 (citing *Miller v. City of Murfreesboro*, 122 S.W.3d 766, 766 (Tenn. Ct. App. 2003). In the present case, Defendants have articulated such a reason for terminating Plaintiff Haggard, namely, three safety violations within a twelve month period. [Doc. 29 at 23.]

After a defendant has articulated a reason, the employee "must present evidence demonstrating that the articulated reason is pretextual and that the defendant's action was actually motivated by a desire to retaliate against the employee." *Allen*, 2007 WL 4233321, *15 (citing *Miller*, 122 S.W.3d at 776). A plaintiff can meet this burden by presenting evidence that: 1) the defendant's proffered reason has no basis in fact; 2) the proffered reason did not actually motivate the adverse employment action; or 3) the proffered reason is insufficient to explain the adverse employment action. *Allen*, 2007 WL 4233321, at *18 (citing *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003)).

Defendants first argue that Plaintiff Haggard cannot meet this burden because the other employees who reported the safety violations had no knowledge of Plaintiff Haggard's internal harassment claim. However, the Court finds that there is a genuine issue of material fact as to whether the relevant supervisors had knowledge of Plaintiff Haggard's internal harassment claim. In describing her investigation of Plaintiff Haggard's internal complaint,

11

Defendant Brogdon states that she did not tell the maintenance employees and lamination supervisor anything regarding Mr. Haggard. [Doc. 35-3 at 7.] However, there is evidence that these employees knew that Plaintiff Haggard made the complaint. For instance, they described Plaintiff Haggard as "trying to get out of work" and "trying to get Mr. McCarter fired" during Defendant Brogdon's sexual harassment investigation. [Doc. 35-3 at 8.] Furthermore, when Mike Canupp was questioned during the same investigation, he described Plaintiff Haggard as not "always [doing] the best at maintenance in the lamination department." [Doc. 35-3 at 8.] It is unclear why Mr. Canupp would mention Plaintiff Haggard during the internal complaint investigation unless he had some awareness Plaintiff Haggard's involvement. Given that Mr. Canupp was involved in reporting Plaintiff Haggard's safety violations [Doc. 29-2 at ¶ 12], there is a genuine issue of material fact as to whether the Defendants' proffered reason has a basis in fact and whether that reason actually motivated the disciplinary actions against Plaintiff Haggard.

Additionally, the involvement of Defendant Brogdon in the termination proceeding also creates a genuine issue of material fact. In her deposition, she admits having personal knowledge that Plaintiff Haggard was the employee subject to the Review Board's recommendation of termination even though the process was intended to be anonymous. [Doc. 35-3 at 10-11.] Her affidavit provides further evidence that the Review Board convened on her recommendation to terminate Plaintiff Haggard [Doc. 29-2 at ¶ 20-21.] Defendant Brogdon also conducted the investigation of Plaintiff Haggard's initial complaint. [Doc. 29-2 at ¶ 5.] Given that all facts and inferences are construed in favor of the non-

movant, Defendant Brogdon's involvement and knowledge of Plaintiff Haggard's identity in a process that was supposed to be anonymous raise questions about whether the alleged safety violations actually motivated the decision to terminate Plaintiff Haggard. Accordingly, the THRA retaliation claim will not be dismissed at the summary judgment state of these proceedings.

F. State and Federal Whistleblower Claims

Defendant Sea Ray contends that the whistleblower claims should be dismissed because Plaintiff Haggard has not asserted which whistleblower statutes he relies upon or proffered any evidence that Defendant Sea Ray violated any "whistleblower" statutes. Plaintiff Haggard does not address this argument in his response memorandum.

Federal Rule of Civil Procedure 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus under the system of notice pleading, a complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Notably, the Federal Rules of Civil Procedure provide "for liberal notice pleading at the outset of the litigation because '[t]he provisions for discovery are so flexible,' that, by the time a case is ready for summary judgment, 'the gravamen of the dispute [has been] brought frankly into the open for inspection by the court.'" *Tucker v. Union of Needletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (alterations in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)). "Once a case has

13

progressed to the summary judgment stage, therefore, 'the liberal pleading standards under *Swierkiewicz* and [the Federal Rules] are inapplicable." *Tucker*, 407 F.3d at 788 (alternation in original) (quoting *Gilmour v. Gates*, *McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). Thus, even if a plaintiff complies with formal pleading requirements, summary judgment is proper if the plaintiff does not produce evidence of a genuine issue of material fact. *See Carter v. RMH Teleservices, Inc.*, 205 Fed. App'x 214, 218 (5th Cir. 2006).

In this case, Plaintiff Haggard has not produced evidence sufficient to create a genuine issue of material fact for his "whistleblower" claims. He has not shown how the evidence in this case satisfies the prima facie elements of those claims. In other words, he has not provided evidence of or even articulated how Defendant Sea Ray violated whistleblower statutes. Furthermore, in light of Plaintiff Haggard's failure to respond to Defendant Sea Ray's arguments as to the "whistleblower" claims in his response [Doc. 34], summary judgment is appropriate to "dispose of unmeritorious claims." *Tucker*, 407 F.3d 784, 788 (6th Cir. 2005) (citation omitted). Accordingly, the Court will grant summary judgment as to those claims.

### III. CONCLUSION

For the reasons set forth herein, Defendants J.R. McCarter, Jay Bunch, Jayne Brogdon, and Sea Ray Division of Brunswick Corporation's motion for summary judgment [Doc. 28] is **GRANTED in part** and **DENIED in part**, whereby Plaintiff Haggard's Age Discrimination in Employment Act, Title VII, Tennessee Human Rights Act sexual harassment, and state and federal "whistleblower" claims are **DISMISSED with prejudice**.

The case will proceed to trial on Plaintiff Haggard's Tennessee Human Rights Act retaliation claim against Defendants J.R. McCarter, Jay Bunch, Jayne Brogdon, and Sea Ray Division of Brunswick Corporation.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE